UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY LAVALLIS,

    Plaintiff,                               Case No. 19-CV-10846

vs.                                       HON. MARK A. GOLDSMITH

OAKLAND COUNTY, et al.,

    Defendants.
_____/

**ORDER
(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION DATED JANUARY 19, 2021 (Dkt. 32),
(2) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 25),
AND (3) DISMISSING PLAINTIFF'S REMAINING STATE-LAW CLAIMS**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Curtis Ivy, Jr., issued on January 19, 2021 (Dkt. 32). In the R&R, the Magistrate Judge recommends that the Court grant Defendants' motion for summary judgment (Dkt. 25)[1] with respect to Plaintiff's federal law claims.[2] The Magistrate Judge further

---

[1] Plaintiff brings the following claims under § 1983: violation of the Equal Protection Clause, unlawful search/seizure in violation of the Fourth Amendment, false imprisonment/arrest in violation of the Fourth Amendment, and excessive force in violation of the Due Process Clause. See Compl. (Dkt. 1). As the Magistrate Judge correctly observes, although labeled as a motion for summary judgment, Defendants' motion is really a hybrid motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and a motion for summary judgment. See R&R at 18-19. Specifically, Defendants seek dismissal of Plaintiff's § 1983 claim for violation of the Equal Protection Clause. Accordingly, in recommending that the Court grant Defendants' motion for summary judgment with respect to Plaintiff's § 1983 claims, the Magistrate Judge in effect recommends granting Defendants summary judgment on Plaintiff's § 1983 claims for false imprisonment/arrest, excessive force, and unlawful search/seizure, and granting Defendants' motion for judgment on the pleadings with respect to Plaintiff's § 1983 claims for violation of the Equal Protection Clause.

[2] As the Magistrate Judge notes, it is unclear whether Plaintiff brings his malicious prosecution claim as a federal claim or a state law claim. R&R at 38-39. Accordingly, the Magistrate Judge

recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining claims, which are all state-law claims, and dismiss these claims without prejudice.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court adopts the R&R (Dkt. 32); grants Defendants' motion for summary judgment (Dkt. 35) with respect to Plaintiff's § 1983 claims for excessive force, false

---

recommends that, to the extent this claim can be treated as a federal claim, it is barred by Heck v. Humphrey, 512 U.S. 477 (1994). To the extent this claim can be treated as a state-law claim, the Court should decline to exercise supplemental jurisdiction over it.

imprisonment/arrest, and unlawful search/seizure; grants Defendants' motion for judgment on the pleadings with respect to Plaintiff's § 1983 claim for violation of the Equal Protection Clause; and dismisses without prejudice Plaintiff's remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

    SO ORDERED.

Dated: February 3, 2021                           s/Mark A. Goldsmith
      Detroit, Michigan                  MARK A. GOLDSMITH
                                                        United States District Judge